IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN C. SULLIVAN,

    Plaintiff,

v.                                             CASE NO. 1:19-cv-188-AW-GRJ

BOSTON SCI. CORP., et al.

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Boston Scientific Corporation's ("BSC") Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 25.[1] Plaintiff, proceeding *pro se*, has not filed a response in opposition to the instant motion notwithstanding the opportunity to do so, N.D. Fla. Loc. R. 7.1(E), and the issuance of an order to show cause, ECF No. 27.[2] The motion is now ripe for the Court's consideration

---

[1] BSC also filed a memorandum of law in support of its motion to dismiss. ECF No. 26.

[2] To be clear, the Court gave Plaintiff 40 days to respond to Defendants' motion to dismiss when he is only entitled to 17 days (14 days under Local Rule 7.1(E) and an additional three days for service by mail under Federal Rule of Civil Procedure 6(d)). And the Certificate of Service on BSC's motion reflects that it was mailed to Plaintiff at the Court's last known address for Plaintiff in Branford, Fla., which is the same return address on the envelope in which he mailed the Clerk his Second Amended Complaint. *Pro se* litigants have the affirmative duty to familiarize themselves and comply with the Federal Rules of Civil Procedure and the Court's Local Rules. *Forde v. Miami Fed. Dep't of Corr.*, 578 F. App'x 877, 879 (11th Cir. 2014); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

on the merits, although "[t]he Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). For the reasons discussed below, it is respectfully **RECOMMENDED** that BSC's motion to dismiss should be **GRANTED** and Plaintiff's Second Amended Complaint should be **DISMISSED without leave to amend**.

## I. BACKGROUND[3]

This case concerns the operation of BSC's Precision Spectra Spinal Cord Stimulatory System ("Spectra System"), a Class III medical device approved for distribution by the United States Food and Drug Administration ("FDA") on April 27, 2004. Plaintiff initiated this case on October 7, 2019, when he filed a typed letter that the Court construed as a Complaint. ECF No. 1. The Court directed Plaintiff to file an Amended Complaint on the proper *pro se* form, ECF No. 4, which Plaintiff did on October 15, 2019, ECF No. 5.

In his First Amended Complaint, Plaintiff—who maintains a lengthy medical history submitted as an exhibit to the First Amended Complaint—

---

[3] As required when resolving a motion to dismiss, the Court accepts the facts alleged in the Second Amended Complaint as true, construes those facts in the light most favorable to Plaintiff, and limits its consideration to the pleadings and exhibits attached thereto. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

alleged that on March 28, 2015, Dr. John C. Stevenson at North Florida Regional Medical Center implanted the Spectra System into Plaintiff's spine, covering the second and third cervical vertebrae.  ECF No. 5-1 at 2.  Thereafter, the "pain stimulator batteries did malfunction and had to be surgically replaced."  *Id.* at 1.  Plaintiff identified two follow-up surgeries performed on July 19, 2016, and May 30, 2017 by Dr. Stevenson to replace the "malfunctioned pain stimulator."  *Id.* at 2.

Plaintiff named as Defendants BSC, Boston Scientific Neuromodulation Corporation, and BSC President/CEO Michael F. Mahoney, and claimed that the "pain stimulator batteries malfunction caused [him] to have an [sic] unnecessary surgeries and have severe pain and suffering."  ECF No. 5-1 at 1.  Plaintiff asserted that the Spectra System was defective under Florida law, citing "FL Chapter 768," "FL Chapter 403-7," "FL Chapter 402-A," and "Restatement (Second) of Torts Section 402-A."  ECF No. 5 at 4.  Where Plaintiff was required to provide a statement of his claim(s) against Defendants in the First Amended Complaint, he referred to a three-page exhibit that included: (1) a single-page certified letter to BSC, dated October 10, 2019; (2) a list of Plaintiff's surgeries from December 1969 through December 8, 2017, including the

3

surgeries mentioned above; and (3) a list of Plaintiff's prescribed medications. ECF No. 5 at 6; ECF No. 5-1.

Plaintiff did not plead any additional allegations against Defendants in the First Amended Complaint. ECF No. 5. Plaintiff stated in the "Relief Requested" section that he is seeking damages for "[two] surgeries to replace [Spectra System] batteries," as well as "pain and suffering, from additional surgeries on dates." *Id.* at 7.

BSC moved to dismiss the First Amended Complaint on two grounds: (1) that Plaintiff failed to state a claim for negligence strict (products) liability under Florida law; and (2) Plaintiff's state-law products liability claims concerning the Spectra System are preempted under the Medical Device Amendments Act of 1976 ("MDA"), 21 U.S.C. §§ 301 *et seq*. ECF No. 12 at 11–19. Plaintiff filed a response in opposition, asking the Court to deny BSC's motion, but he did not address BSC's legal arguments. ECF No. 13. Plaintiff asserted that his "well documented additional unnecessary surgeries," as well a whistleblower complaint in the United States District Court for the District of New Jersey (which was filed and unsealed years before Plaintiff's initial March 28, 2015, surgery), demonstrate a lack of "care or professionalism" by BSC. *Id.* at 1–2. Plaintiff also submitted

copies of his medical records from relevant surgeries and a revised "list of surgeries." *Id.* at 4–19.

On June 23, 2020, the undersigned recommended granting BSC's motion to dismiss.  ECF No. 17.  The Court concluded that Plaintiff's allegations in the First Amended Complaint were sufficient to state claims for negligence and strict liability, *id.* at 5–10, but held those claims were preempted (and therefore subject to dismissal) under the MDA because Plaintiff sought to hold Defendants liable for requirements different from or in addition to those imposed under federal law, *id.* at 10–15.  Nevertheless, the undersigned recommended granting Plaintiff leave to amend so he could "have the opportunity to investigate and research whether BSC violated a pertinent federal regulation causing his injuries and, if so, to plead this allegation in a Second Amended Complaint." *Id.* at 15–16.  The district court adopted the undersigned's report and recommendation.  ECF No. 20.

Plaintiff filed his Second Amended Complaint on August 28, 2020.  ECF No. 23.  Where Plaintiff is required to state his cause of action, he alleges only that he "had to have [four] hospital medical surgeries for severely malfunctioning pain stimulator batteries" and provides the dates of those surgeries.  *Id.* at 6–7.  As to relief, Plaintiff is seeking $850,000 in

5

compensatory and punitive damages.  *Id.* at 7.  Plaintiff's Second Amended Complaint also includes several exhibits: (1) a two-page "List of Surgeries" dated August 27, 2020, *id.* at 9–10; (2) a two-page "Explanation of Benefits" from BlueCross BlueShield for services provided to Plaintiff between June 5, 2020, and June 8, 2020, *id.* at 11–12; (3) a copy of the Court's August 21, 2020, order, *id.* at 13–14; and (4) a three-page letter from Plaintiff dated August 12, 2020, *id.* at 15–17.

## II.  DISCUSSION

Defendant moves to dismiss Plaintiff's Second Amended Complaint on the same basis that the Court dismissed Plaintiff's First Amended Complaint—preemption under the MDA.  ECF No. 25.  The law governing Plaintiff's claims against Defendants remains the same.  *See* ECF No. 17 at 10–14 (examining the principles of preemption generally and the scope of preemption under the MDA).  In short, the MDA expressly and impliedly preempts certain state law claims relating to Class III medical devices such as the Spectra System.  *Godelia v. Doe 1*, 881 F.3d 1309, 1317 (11th Cir. 2018); *see also* 21 U.S.C. §§ 337(a), 360k(a).  Read together, the MDA's express and implied preemption statutes close all but a "narrow gap" for a plaintiff to sue for private claims regarding the safety or effectiveness of Class III medical devices.  *Godelia*, 881 F.3d at 1317 (citing *In re*

6

*Medtronic*, 623 F.3d 1200, 1204 (8th Cir. 2010)).  "To make it through, a plaintiff has to sue for conduct that violates a federal requirement (avoiding express preemption), but cannot sue only because the conduct violated that federal requirement (avoiding implied preemption)."  *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1327 (11th Cir. 2017).[4]

BSC argues that Plaintiff's claims are preempted by the MDA because he "fails to allege that BSC violated a specific, pertinent federal regulation."  ECF No. 26 at 2.  The Court agrees.  Reading liberally the Second Amended Complaint, as the Court must, the Second Amended Complaint is due to be dismissed because Plaintiff does not "identify some pertinent federal regulation, a violation of that specific regulation, and sufficient facts to substantiate the allegation, including a causal link to the alleged injury."  *Womack v. Nevro Corp.*, No. 8:19-cv-698-30SPF, 2019 WL 2567982, at *2 (M.D. Fla. June 21, 2019) (citing *Rowe v. Mentor Worldwide, LLC*, 297 F. Supp. 3d 1288, 1298–1300 (M.D. Fla. 2018)).  Applying the preemption framework established by the Eleventh Circuit in

---

[4] Stated differently, "a plaintiff may proceed on her claim so long as she claims the 'breach of a well-recognized duty owed to her *under state law'* and so 'long as she can show that she was harmed by *a* violation of applicable *federal law*.'"  *Mink*, 860 F.3d at 1327 (quoting *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010)) (emphasis added).

*Mink* and *Godelia*, this absence is dispositive of Plaintiff's negligence and strict liability claims concerning the Spectra System.

The only remaining question is whether Plaintiff should be given yet another opportunity to amend his claims. Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).

When the issue of preemption was clear and the undersigned concluded that Plaintiff's First Amended Complaint was due to be dismissed, the Court provided Plaintiff the opportunity to file a Second Amended Complaint because it was possible for Plaintiff "to investigate and research whether BSC violated a pertinent federal regulation causing his injuries and, if so, to plead this allegation in a Second Amended Complaint." ECF No. 17 at 15–16; *see also Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."). But as explained above, Plaintiff did not heed the Court's advice and attempt to correct this pleading deficiency. What's more, Plaintiff has declined to respond to BSC's most-recent motion to dismiss or the Court's

October 2, 2020, order to show cause (ECF No. 27).  The undersigned concludes, therefore, that Plaintiff should not be granted further leave to amend his claims because it would be futile.  In sum, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

### III.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant BSC's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 25, should be **GRANTED**.

2. Plaintiff's Second Amended Complaint, ECF No. 23, should be **DISMISSED with prejudice**.

**IN CHAMBERS** this 20th day of October 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

9